**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ISMAEL ESTRADA, | : | MOTION TO VACATE |
| BOP ID 57995-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
|    v. | : | 1:14-CV-1897-RWS-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:06-CR-358-2-RWS-CMS |

## FINAL REPORT AND RECOMMENDATION

Federal inmate Ismael Estrada has asked this Court to (i) vacate his convictions and 360-month sentence for drug trafficking and money laundering, (ii) order his release from prison, and (iii) direct the United States government to return him to Panama. *See* [280], [281], [284], [291] & [298]. For the reasons that follow, Estrada's requests should be denied and a Certificate of Appealability should be denied.

## I.   BACKGROUND

### A.   Pretrial Proceedings.

In March 2006, Estrada and Leslie Anderson were added as defendants to a Superseding Indictment directed at fourteen defendants associated with the Mexican Gulf Cartel. *See United States v. Mendoza*, No. 1:05-CR-380-RWS (N.D. Ga. 2015) (the "*Mendoza* Case") [32 therein].

The government alleged that the defendants in the *Mendoza* Case conspired to distribute hundreds of kilograms of cocaine in the southeastern United States and laundered millions of dollars in drug proceeds. *See id.*

After Estrada and Anderson were arrested and arraigned, each retained counsel.  Given the nature and seriousness of the charges against them, both were ordered to be held in custody pending trial.  *See id.* [72 & 74 therein].

When Estrada and Anderson feigned interest in cooperating against their co-defendants, the government sought and obtained their release from pre-trial detention in May 2006.  *See id.* [141 & 145 therein].  Rather than cooperate, however, Estrada and Anderson absconded to Panama in July 2006.

After Estrada and Anderson fled the United States, Estrada, a Panamanian national, missed an immigration hearing.  In October 2006, an immigration judge determined that Estrada's failure to appear for that hearing and his prior admission of factual allegations warranting removability "constitute[d] an abandonment of any pending applications [for relief] and of any applications [Estrada] may have been entitled to file."

[289] at 16.  Accordingly, the immigration judge ordered Estrada removed from the United States, evidently unaware that Estrada had (in his own words) already exercised "self-removal."  *See id.*

In August 2006, the government elected to 'split' the *Mendoza* Case and obtained a separate indictment against Estrada, Anderson, and a third person.  *See United States v. Sellers*, No. 1:06-CR-358-RWS (N.D. Ga. 2006).  This is the criminal case listed in the caption, and it is the criminal case in which Estrada has filed his requests for relief.

In October 2006, an Assistant United States Attorney for the Northern District of Georgia inquired about the feasibility of extraditing Estrada from Panama and was advised by a Department of Justice attorney in Washington, DC that "Panama will not extradite its own national; it is constitutionally prohibited."  [281-1] at 48.

This did not dissuade the government from continuing to develop its case, however, and in February 2007, the government filed a Superseding Indictment charging Estrada with conspiracy to possess with intent to distribute at least five kilograms of cocaine in violation of 18 U.S.C. §§ 2, 841(b)(1)(A)(ii), 841(b)(1)(D) & 846 (one count), conspiracy to launder the proceeds of specified unlawful activity in violation of 18 U.S.C. §§ 1956 &

3

1957 (one count), and knowingly engaging in monetary transactions involving criminally derived property with a value of more than $10,000 in violation of 18 U.S.C. § 1957 (eighteen counts). *See* [42].

In March 2007, Anderson was arrested and returned to pre-trial custody. *See* [62]. Using the same counsel she had earlier retained in the *Mendoza* Case, Anderson quickly pleaded guilty, and she was sentenced in November 2007. *See* [78] & [96].

Estrada, meanwhile, remained at large.

According to a document that Estrada has appended to one of his filings, the United States Marshals Service learned in October 2008 that Estrada would be flying from Panama to Cancun, Mexico, and "[a] decision was made to let E[strada] come into the country without alerting him." [281-1] at 47. When Estrada deplaned in Cancun, he was detained by Mexican law enforcement officers. *Id.*

When Mexico sought to deport him back to Panama on the next available flight (which had a scheduled layover in Miami, Florida), Estrada physically resisted and would not board the aircraft. *Id.* Estrada was transported from Cancun to Mexico City, and Mexico eventually initiated proceedings to extradite Estrada to the United States, rather than to deport

4

him to Panama.  Although Estrada fought extradition for the following year, he was ultimately extradited to the United States in October 2009.  *See Mendoza* Case [440 therein].

At the time of Estrada's extradition, the operative indictment in this case was the twenty-count Superseding Indictment described above.  *See* [42].

Bruce Harvey, the same attorney whom Estrada had earlier retained in the *Mendoza* Case, entered an appearance for Estrada in this case.  *See* [124].  Over the course of the next sixteen months, Estrada, through Harvey, attacked the Superseding Indictment, challenged this Court's jurisdiction, and sought to suppress tangible and wiretap evidence.  *See* [133], [134] & [139].

A magistrate judge of this Court entered a Report and Recommendation ("R&R") recommending the denial of those motions.  *See* [146].  Harvey filed objections on Estrada's behalf with respect to the suppression issues, but not the jurisdictional issue.  *See* [149].  A short time later, Estrada transmitted through Harvey a *pro se* motion asserting, *inter alia*, that he had "exercised 'self-removal' from the United States and returned back to his native country of Panama" and that this precluded the

United States from exercising personal jurisdiction over him. *See* [154] at 5.

In March 2011, while those filings were pending, the government obtained a Second Superseding Indictment, this time naming only Estrada as a defendant, because Anderson and the third defendant named in the Superseding Indictment had already pleaded guilty and been sentenced. *See* [163]. The counts against Estrada in the Second Superseding Indictment mirror in all material respects the counts against Estrada in the Superseding Indictment, except that six of the individual transaction counts were dropped. *Compare* [42 (Counts 1, 2 & 41-58)] *with* [163 (Counts 1-14)].

In April 2011, the Honorable Richard W. Story overruled Estrada's objections to the R&R and denied Estrada's counseled motions attacking the Superseding Indictment, challenging jurisdiction, and seeking to suppress evidence. *See* [171]. Judge Story also denied Estrada's *pro se* motion challenging the Court's jurisdiction. *See* [178].

### B.   **Trial and Sentencing**.

On the eve of trial, Estrada abruptly dismissed Harvey as retained counsel and elected to represent himself. *See* [182]; *see also* [200] at 12 &

[201] at *passim*.  As the United States Court of Appeals for the Eleventh Circuit summed up these events:  "This case involve[d] the situation in which an uncooperative defendant adamantly rejected his constitutional right to be represented by competent counsel, but also refused to invoke affirmatively his right to self-representation."  *United States v. Estrada*, 530 F. App'x 852, 853 (11th Cir. 2013).  Consequently, Estrada represented himself at trial, with Harvey's associate, Jennifer Hanson, serving as standby counsel.  *See* [201] at 5.

During the course of a four-day trial in April 2011, the government presented overwhelming evidence that for more than a year Estrada had delivered personally or through subordinates 19 to 33 kilograms of cocaine a week to buyers and collected personally or through subordinates millions of dollars in drug proceeds.  *See* [202]-[205].  This included testimony from law enforcement agents, a forensic chemist, a forensic auditor, and two of Estrada's co-conspirators (including Anderson).[1]  After his oral Rule 29 motion was denied, Estrada elected not to testify and did not present any defense.  *See* [203] at 80, 85 & 87.

---

[1]  The government later filed a Rule 35 motion requesting that Anderson's sentence be reduced, which Judge Story granted.  *See* [229].

Estrada offered no comment on or objections to the jury instructions, other than to ask that the jury be required to make a finding with respect to the quantity of cocaine that he had possessed with intent to distribute. *See* [203] at 89, 91 & 111. An addition to the jury instructions was made.

The jury returned its verdict in under 80 minutes, *see* [203] at 111-12, and convicted Estrada on all fourteen counts, *see* [189].

Estrada filed a "Notice" rejecting the verdict, *see* [191], an Emergency Motion to Stay Criminal Proceeding Pending Final Ruling on Habeas Corpus Petition Under 28 U.S.C. Section 2241 Challenging Legality of Detention, *see* [192], and a host of other filings, *see* [194], [195], [196], [207], [214] & [215], all of which were denied.

At sentencing, Estrada continued to represent himself, albeit with substantial assistance from standby counsel, who spoke on his behalf and presented his objections. *See* [197]; *see also* [236].

In computing Estrada's offense level under the United States Sentencing Guidelines, Judge Story concluded, *inter alia*, that "there was credible evidence presented at trial that easily" established that Estrada had possessed with intent to distribute more than 150 kilograms of cocaine. *See* [236] at 18. Judge Story granted Estrada's objections with respect to (i) a

four-level enhancement for supervising five or more people (imposing instead a lesser two-level enhancement for supervising fewer than five people) and (ii) a firearms enhancement, but overruled his objections to (i) a 21 U.S.C. § 851 enhancement based on a prior serious drug conviction and (ii) an enhancement for having using sophisticated means in laundering the drug proceeds. *See* [236] at 17-19. Judge Story concluded that Estrada had a total offense level of 46 and a criminal history category of I, resulting in a custody guideline range of life imprisonment. *See* [236] at 19.

After weighing the 18 U.S.C. § 3553(a) factors, the Court departed downward from life imprisonment and sentenced Estrada to a 360-month term of imprisonment on Count 1, and a concurrent 240-month term of imprisonment on Counts 2-14. *See* [219]. The Court also required that Estrada pay a special assessment of $1,400 and a $25,000 fine. *See id.*

## C.    Direct Appeal.

Estrada filed his notice of appeal *pro se*, *see* [221], but later requested that an attorney be appointed to represent him, *see* [230]. This Court appointed Mary Erickson to represent Estrada on appeal. *See* [232].

After seeking and being refused permission by the Eleventh Circuit to file a brief pursuant to *Anders v. California* , 386 U.S. 738 (1967), Erickson filed an appellate brief raising a single issue regarding the thoroughness of Judge Story's inquiry into Estrada's waiver of counsel and decision to represent himself at trial.

After summarizing Estrada's behavior in the manner noted above, the Eleventh Circuit concluded that "the district court did not err by allowing Estrada to proceed *pro se* because the record shows that, through his uncooperative conduct and the court's explanation, Estrada waived his right to counsel" and that this was done "knowingly, intelligently, and voluntarily." *Estrada*, 530 F. App'x at 857 & 859.

The United States Supreme Court denied Estrada's petition for a writ of certiorari. *See Estrada v. United States*, 134 S. Ct. 494 (2013).

### D.   **Collateral Proceedings.**

The following year, in June 2014, Estrada mailed a letter complaining about his imprisonment to the Chief Judge of this Court (with copies to the Presidents of the United States and Panama).  *See* [280] (initially filed in *Estrada v. United States*, No. 1:14-CV-1897-JEC (N.D. Ga. 2014) as [1 therein]) (the "Initial Filing").

Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), a magistrate judge advised Estrada that this Court would treat his filing as a § 2255 motion and afforded him the opportunity to withdraw or amend it. *See* [279].  Estrada elected to file an amended § 2255 motion.  *See* [281] (the "Amended Motion").

Without seeking and receiving permission from the Court, Estrada submitted another amendment in November 2014, *see* [284] (the "November 2014 Amendment"), and then another amendment in February 2016, *see* [298] (the "February 2016 Amendment").

The government filed a Response, *see* [286],[2] and Estrada filed a Reply.  *see* [289].

All of these filings were referred to the undersigned for entry of a Final Report and Recommendation. [3]

## II.    THE GROUNDS FOR RELIEF ASSERTED BY ESTRADA

Estrada's filings are difficult to decipher.  The uncooperative conduct that drew comment from the Eleventh Circuit has continued.  For example,

---

[2]    The government's Motion to Exceed Page Limit [287] is **GRANTED** *nunc pro tunc*.

[3]    Judge Story separately considered and denied Estrada's motion for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines.  *See* [292] & [300].

although this Court provided Estrada with a § 2255 motion form that plainly calls for the presentation of each asserted ground for relief as a separately numbered and supported item, *see, e.g.*, [281] at 4, Estrada listed no grounds for relief on that form and instead incorporated by reference a "Memorandum of Law in Support of Section § [sic] 2255 Motion to Vacate, Set Aside and/or Correct Sentence" that does not separate, number, or clearly set forth his asserted grounds for relief. *See* [281-1]. Similarly, Estrada's November 2014 Amendment and February 2016 Amendment also do not number or clearly set forth the additional asserted grounds for relief that he seeks to add. It is a challenge, therefore, even to identify with certainty each of Estrada's various claims.

The undersigned has nonetheless construed Estrada's filings liberally, because he is proceeding *pro se*. *See, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). So construed, Estrada has asserted claims that may grouped into five categories: Procedurally barred claims asserting trial court error on a stand-alone basis; ineffective assistance of trial counsel claims; ineffective assistance of appellate counsel claims; a non-cognizable claim; and time-barred claims.

## III.   RELEVANT LEGAL STANDARDS

Before discussing Estrada's specific claims, it is useful to summarize several legal standards applicable in § 2255 cases generally and to ineffective assistance of counsel claims in particular.

First, "[§] 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc).[4]  For instance, § 2255 does not offer relief from the non-custodial features of a criminal sentence, such as orders requiring

---

[4]      Section 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Although § 2255, unlike §§ 2241 and 2254, does not reference violations of "treaties" as a potential ground for relief, the Supreme Court has held that "there can be no doubt that the grounds for relief under § 2255 are equivalent to those encompassed by § 2254, the general federal habeas corpus statute." *Davis v. United States*, 417 U.S. 333, 344 (1974). *See also Adams v. Lankford*, 788 F.2d 1493, 1495 n.4 (11th Cir. 1986) ("The grounds for nonconstitutional violations under § 2254 are equivalent to those encompassed by § 2255.").

the payment of fines or restitution.  *See, e.g., United States v. Marmone*, 559 F.3d 1209, 1211 (11th Cir. 2009).

Second, "a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *see also McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (same).  Thus, except in very narrow circumstances, issues that could have been raised on direct appeal, but were not, are deemed to be procedurally defaulted and cannot be raised for the first time in a § 2255 motion.  *See Lynn*, 365 F.3d at *passim*; *McKay*, 657 F.3d at *passim*.  And issues that were raised and decided on direct appeal cannot be relitigated in a § 2255 motion.  *See Stoufflet v. United States*, 757 F.3d 1236, 1239-40 (11th Cir. 2014) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)) (describing this limitation as a "procedural bar," rather than as an application of the "law of the case").

Third, although the Sixth Amendment guarantees defendants the right to the effective assistance of counsel, that right is violated only where a § 2255 movant demonstrates that counsel's performance (1) was incompetent and (2) resulted in prejudice.  *See Strickland v. Washington*, 466 U.S. 668 at *passim* (1984); *see also Chandler v. United States*, 218

F.3d 1305, 1312 (11th Cir. 2000) (*en banc*) (movant "must establish that no competent counsel would take the action that his counsel did take").

"Judicial scrutiny of counsel's performance must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.   Thus, courts must measure counsel's competence against an "objective standard of reasonableness" and "prevailing professional norms." *Id.* at 687-88.  And prejudice is shown only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  If the movant fails to establish either prong of this two-prong test, the court need not consider the other prong.  *See Strickland*, 466 U.S. at 697.

Additional considerations apply to claims of ineffective assistance of appellate counsel.  The Supreme Court has "held that appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  While "it is still possible to bring a *Strickland* claim based on counsel's failure to

raise a particular claim, . . . it is difficult to demonstrate that counsel was incompetent" for leaving out a particular claim." *Id.* (citing with approval the panel's observation in *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986), that "only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome").

Finally, a one-year statute of limitations applies to claims brought pursuant to § 2255. *See* 28 U.S.C. § 2255(f). Federal Rule of Civil Procedure 15 governs whether amendments to a § 2255 motion may be filed at all, and it further governs when an amendment filed after the expiration of the one-year limitation period "relates back" to the date of the original motion. *See Davenport v. United States*, 217 F.3d 1341, 1344-46 (11th Cir. 2000). Assuming an untimely amendment is permitted, "to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Id.* at 1344.

## IV.   **DISCUSSION**

### A.   **Procedurally Barred Claims of Trial Court Error**.

Estrada raises numerous claims of trial court error on a stand-alone basis, most of which are new and one of which he raised on direct appeal.

The first new claim is that this Court lacked personal jurisdiction over him because (1) he was improperly detained in Mexico, (2) his extradition violated various treaties and rules of international law, (3) the Second Superseding Indictment and sentencing enhancements expanded the scope of the charges against him and thus deprived the United States of the right to prosecute him after he was extradited from Mexico, and (4) his "self-removal" to Panama stripped the United States of jurisdiction to prosecute him. *See* [281-1] at 8-17.

The second is that the money-laundering charges were defective. *See* [281-1] at 25.

The third is that the jury instructions "impermissibly broadened the Indictment" with respect to the money-laundering charges." [281-1] at 26-28.

The fourth is that the Court violated his constitutional rights when it enhanced his sentence based on findings that he played a managerial role and obstructed justice. *See* [281-1] at 41.

Each of these new claims, to the extent it is non-frivolous and to the extent that it was preserved at all,[5] is procedurally defaulted because it could have been raised on direct appeal but was not, and Estrada has not pleaded and demonstrated cause and prejudice, or actual innocence, sufficient to excuse that default. *See generally McKay*, 657 F.3d at *passim*; *Lynn*, 365 F.3d at *passim*.[6]

Estrada also raises on a stand-alone basis the claim that he "did not explicitly, knowingly, and unequivocally waive his right to counsel and did not invoke the right to self-representation under *Faretta*." [281-1] at 43. This is the issue that Erickson raised on Estrada's behalf on direct appeal and that the Eleventh Circuit has already decided against him. *See Estrada*, 530 F. App'x at *passim*. Thus, it is also procedurally barred and cannot be relitigated in this § 2255 proceeding. *See Stoufflet*, 757 F.3d at 1239-40.

---

[5] For example, Estrada, acting as his own counsel at trial, did not object to the jury instructions when they were given. He thus failed to preserve any issue regarding the scope of those instructions for appeal.

[6] Estrada repeats some, but not all, of these stand-alone claims as predicates for ineffective assistance of appellate counsel claims, and they are discussed further below in that context.

## B. **Ineffective Assistance of Trial Counsel Claims**.

Estrada asserts that Harvey provided ineffective assistance during pretrial proceedings.  *See* [281-1] at 30-32.  These claims relate specifically to the (i) First Particularized Motion to Suppress Evidence and Statements and Brief in Support, (ii) Preliminary Motion to Dismiss, and (iii) Amendment to Defendant's Motion to Suppress Evidence and Statements:   Supplemental Information Perfecting Standing, filed by Harvey on behalf of Estrada.  *See* [133], [134] & [139].

As noted earlier, a magistrate judge of this Court recommended denial of these motions in an R&R entered on August 2, 2010.  *See* [146].

In his Amended Motion, Estrada makes much of the magistrate judge's comment that the motion to suppress was "unparticularized," and he states that Harvey did not respond to the magistrate judge's direction to particularize the motion.  *See* [281-1] at 31.  Indeed, this appears to be the *sole* basis for Estrada's argument that Harvey provided ineffective assistance.

But Estrada neglects to acknowledge that the magistrate judge stated in the R&R that he "address[ed] the motion on the merits."  *See* [146] at 3 n.1.  Estrada further neglects to acknowledge that Harvey contended that

the motion "in fact was particularized with both facts and law in support of his grounds for suppression."  [149] at 2.  And, finally, Estrada neglects to acknowledge that Judge Story, in reviewing the R&R together with the underlying motions and Objections, stated the following:

> [Q]uite honestly, one of the reasons that I have not ruled on the Report and Recommendation is the excellent job your attorneys did in opposing that and filing objections to it.  It is one of the most thorough objections I have ever had to a Report and Recommendation, and I have spent considerable time poring through that to test the recommendation that has been made by [the magistrate judge].  And that's quite honestly the reason I have not gotten an order out sooner is because you have been so well represented.

[200] at 13.

Having reviewed the underlying motions, the magistrate judge's R&R, and the Court's Order, and indulging "the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," as measured against an "objective standard of reasonableness" and "prevailing professional norms," it is readily apparent that Estrada's counsel was not incompetent and did not provide ineffective assistance. *Strickland*, 466 U.S. at 687-89.  Harvey's motions on behalf of Estrada sufficiently presented the jurisdictional and suppression issues for the magistrate judge and the district judge to conclude that relief was

unwarranted on the merits, and Estrada has demonstrated neither that Harvey was incompetent, nor that he was prejudiced.

### C.   Ineffective Assistance of Appellate Counsel Claims.[7]

Estrada asserts that Erickson was ineffective because she did not raise claims on direct appeal that (1) the evidence was insufficient to support his money-laundering convictions, *see* [281-1] at 21-24, (2) Harvey provided ineffective assistance during pretrial proceedings, *see* [281-1] at 29-30, (3) his extradition from Mexico violated the rule of specialty because various sentence enhancements were applied after he was convicted, *see* [281-1] at 33-36, and (4) this Court imposed a procedurally and/or substantively unreasonable sentence, *see* [281-1] at 37-40.  Each of these claims is addressed below.

Estrada's first claim is that Erickson should have contested the sufficiency of the evidence upon which his money laundering convictions

---

[7]   In July 2012, Estrada sued Erickson in this Court, demanding that she "remove[] herself" from his direct appeal.  *See Estrada v. Erickson*, No. 1:12-CV-2353-JEC (N.D. Ga. 2012) [1 therein].  In September 2013, after Erickson had already submitted an appellate brief for Estrada, a magistrate judge recommended dismissal without prejudice "due to Plaintiff's failure to state a valid claim for relief under this Court's federal diversity jurisdiction."  *See id.* [9 therein] at 13.  Estrada did not object, and the Honorable Julie E. Carnes dismissed that case without prejudice in October 2013.  *See id.* [11 therein].

were based.  Estrada builds this argument on the mistaken premise that the jury ought to have credited the theory-of-the-case that he presented at trial that money he deposited "derived from real estate transaction sales of retained investment purchases."  [281-1] at 22.

But it is well-established that, on direct appeal, "[t]he reviewing court considers only the 'legal' question 'whether, after viewing all the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) (quoting *Jackson v. Virginia*, 443 U.S. 307, 315-16 (1979) (emphasis in original)).  "That limited review does not intrude on the jury's role 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"  *Id.* (quoting *Jackson*, 443 U.S. at 319).

The evidence the government presented in this case, viewed in the light most favorable to the prosecution, plainly established Estrada's guilt on each of the money laundering counts.  The jury was entitled to conclude that Estrada's theory-of-the-case – that these were real estate transaction proceeds, not drug proceeds – was not credible.

A "sufficiency of the evidence" claim certainly would not have been clearly stronger than the "self-representation" claim that Erickson elected to raise, and for this reason Erickson did not provide deficient representation by omitting the claim from her appellate brief. *See Robbins*, 528 U.S. at 288 (2000) (citing with approval a Seventh Circuit panel's observation that "only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome").

Estrada's second claim is that Erickson should have argued on direct appeal that Harvey provided ineffective assistance during the pretrial phase of the case. This argument does not warrant the grant of relief for two reasons: first, ineffective assistance of counsel claims in federal cases ordinarily are raised in collateral proceedings, and deviation from that practice was not warranted in this case where that claim required further development; and, second, for the reasons discussed above, Harvey's representation of Estrada during the pretrial phase of the case was not ineffective. Because this claim was meritless, Erickson did not provide ineffective assistance when she omitted it from her appellate brief. *See, e.g., Harrison v. United States*, 577 F. App'x 911, 914 (11th Cir. 2014) ("In

short, the failure of . . . appellate counsel to raise these meritless issues cannot have constituted ineffective assistance.").

Estrada's third claim is that Erickson should have argued on direct appeal that his extradition from Mexico violated the rule of specialty because various sentence enhancements were applied after he was convicted.  This argument is specious.

"The rule of specialty applies only to extraditions pursuant to treaty," *United States v. Valencia-Trujillo*, 573 F.3d 1171, 1179 (11th Cir. 2009), and "requires a country seeking extradition to adhere to any limitations placed on prosecution by the surrendering country," *United States v. Baez*, 349 F.3d 90, 92 (2d Cir. 2003).  In this case, Estrada has not identified any explicit limitations that Mexico placed on his extradition that the government is alleged to have transgressed.  Indeed, Estrada has identified no "objections to the extradition process that the surrendering country might consider a breach of the extradition treaty."  *United States v. Diwan*, 864 F.2d 715, 721 (11th Cir. 1989).

Moreover, even assuming that the rule of specialty applies, Estrada lacks standing to assert a violation in the absence of any complaint from Mexico with respect to his prosecution.  *See generally United States v.*

24

*Suarez*, 791 F.3d 363, 367 (2d Cir. 2015) ("Thus, [the defendant] would only have prudential standing to raise the claim that his sentence violated the terms of his extradition if [the surrendering country] first makes an official protest.").  *See also United States v. Puentes*, 50 F.3d 1567, 1574 (11th Cir. 2005) ("The extradited individual enjoys . . . [the rule of specialty] at the sufferance of the requested nation.").

Finally, even assuming that Estrada had standing to assert a claim under the rule of specialty, that claim would be meritless.  "Because the enhancement of [the defendant's] sentence did not violate any assurances given for his extradition, '[t]here was no reason for counsel to object.'" *Ocoro v. United States*, 607 F. App'x 864, 868 (11th Cir. 2015) (quoting *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (rejecting an ineffective assistance of counsel claim with respect to a rule of specialty issue); *see also United States v. Mangarella*, 489 F. App'x 648, 652 (4th Cir. 2012) ("We conclude that consideration of uncharged conduct to determine the sentence did not violate the rule of specialty.") (collecting cases from the First, Sixth, Eighth and Ninth Circuits).

Erickson did not render ineffective assistance by omitting this meritless issue from Estrada's appellate brief.

Estrada's fourth claim is that Erickson should have challenged on direct appeal the procedural and substantive reasonableness of his sentence.   Considering that Estrada's guideline sentence range was life imprisonment and the Court, after considering the § 3353(a) factors and explaining its reasons for doing so, elected to depart downward to impose a 360-month term of imprisonment, this claim is plainly specious, as well. *See generally Gall v. United States*, 552 U.S. 38, 51 (2007).   Estrada has alleged no specific facts that would demonstrate either procedural or substantive unreasonableness in his below-guidelines sentence.

Erickson did not render ineffective assistance by omitting this meritless issue from Estrada's appellate brief, too.

### D.   <u>Non-Cognizable Claim</u>.

Estrada contends that this Court erred in ordering that he pay restitution and a fine.  *See* [281-1] at 42.  This claim is meritless for at least two reasons. First, this claim is not cognizable in a § 2255 proceeding, which applies only to the custodial provisions of a criminal sentence.  *See, e.g., United States v. Marmone*, 559 F.3d 1209, 1211 (11th Cir. 2009).  This remains true even when a movant has brought cognizable claims, because "the presence of a cognizable claim against [the] custodial punishment does

26

not make [the] non-cognizable claims more amenable to . . . review." *Id.*
Second, no restitution was ever ordered in this case, *see* [219], so there is no
restitution order to vacate, set aside, or correct.  No relief is warranted on
this claim.

### E.   Unauthorized and Time-Barred Claims.

As noted above, after this Court invited Estrada to file an Amended
Petition, he filed two further amendments without seeking or receiving
permission to do so:  the November 2014 Amendment and the February
2016 Amendment. *See* [284] & [298].

*Pro se* litigants must comply with procedural rules. *See, e.g, McNeill
v. United States*, 508 U.S. 106, 113 (1993); *Albra v. Advan, Inc.*, 490 F.3d
826, 829 (11th Cir. 2007).  As relevant here, because Estrada had already
been afforded the opportunity to file his Amended Motion, he could
"amend [his] pleading only with the opposing party's written consent or the
court's leave."  Fed. R. Civ. P. 15(b).  Estrada never sought and never
received consent from the government or leave of court to file the
November 2014 Amendment or the February 2016 Amendment.  The
undersigned concludes that under the circumstances – where Estrada had
ample time to prepare his Amended Petition and where the two

amendments do not rely on information allegedly concealed from or otherwise previously unavailable to Estrada – the Court should deny Estrada permission to file both of these amendments.

Furthermore, it is readily evident from the face of both amendments that they do not "relate back" to the Amended Petition in any event because they raise claims that "arose from separate conduct and occurrences in both time and type." *Davenport*, 217 F.3d at 1346.

First, Estrada's November 2014 Amendment raises an argument that the district court failed to comply with Federal Rule of Criminal Procedure 32 during sentencing "by not making specific findings of fact relating to disputed information in the [Pre-Sentence Report]." *See* [284] at 4-5. This claim had no predicate in the Amended Petition, which challenged sentencing only to the extent that it allegedly violated the rule of specialty and was procedurally and substantively unreasonable.[8]

Second, Estrada's February 2106 Amendment raises an argument that "the government was permited [sic], over Estrada's objection, to introduce fruits of unlawful interception wiretap." [298] at 1. This claim,

---

[8]     Moreover, the record of prior proceedings affirmatively contradicts this claim. The sentencing transcript includes the Court's factual findings with respect to Estrada's criminal conduct and each disputed sentence enhancement. *See* [236] at *passim*.

too, has no direct predicate in the Amended Motion and seeks belatedly to raise new issues that are different in time and type that those raised in the Amended Motion.

Because Estrada should not be granted permission to file his unauthorized, out-of-time amendments and because they do not "relate back" to his Amended Motion sufficiently to render his new claims timely, he is not entitled to relief on these claims, either.

## V.   RECOMMENDATIONS AND ORDERS

### A.   Estrada's § 2255 Motion and Amendments.

For the foregoing reasons, the undersigned **RECOMMENDS** that Estrada's Amended Motion be **DENIED** and that he be **DENIED** authorization to file the November 2014 and February 2016 Amendments.

### B.   Certificate of Appealability.

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** because Estrada does not meet the requisite standards. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

### C.   **Evidentiary Hearing**.

No evidentiary hearing is required if "the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Thus, "a district court need not hold a hearing in a § 2255 case if the allegations are patently frivolous, based on unsupported generalizations, or affirmatively contradicted by the record."  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (internal quotation marks and citation omitted).  Because Estrada's allegations are patently frivolous, based on conclusory statements, and affirmatively contradicted by the record, no evidentiary hearing is required in this case.

### D.   **Discovery**.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Indeed, "the 'broad discovery provisions' of the Federal Rules of Civil Procedure [do] not apply in habeas proceedings."  *Id.* (quoting *Harris v. Nelson*, 394 U.S. 286, 295 (1969)).  Rather, discovery may be

permitted only with leave of court upon a showing of "good cause."  28 U.S.C. foll. § 2255, Rule 6.  This, in turn, requires "'specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'"  *Id.* (quoting *Harris*, 394 U.S. at 299).  Estrada's conclusory and speculative allegations – many of which are already affirmatively contradicted by the record of prior proceedings – do not meet this standard.  *Cf. Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006) ("good cause for discovery cannot arise from mere speculation").  Therefore, the undersigned **DENIES** Estrada's request for discovery.  *See* [281-1] at 5-6.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 24th day of February, 2017.


CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE