# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ISMAEL ESTRADA, | : | MOTION TO VACATE |
| BOP ID 57995-019, | : | 28 U.S.C. § 2255 |
| | : | |
| Movant, | : | CIVIL ACTION NO. |
| | : | 1:14-CV-1897-RWS-CMS |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:06-CR-358-2-RWS-CMS |
| | : | |
| Respondent. | : | |

## ORDER

This case is before the court for consideration of the Final Report and Recommendation (R&R) [Doc. 301] of Magistrate Judge Catherine M. Salinas. After reviewing the R&R and Movant Ismael Estrada's ("Estrada") Objections [Doc. 305] thereto, the Court enters the following Order.

A district judge must conduct a careful and complete review of a magistrate judge's report and recommendation. Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). The district judge must "make a *de novo* determination of those portions of the report and recommendation to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the report

and recommendation for which there is no objection are reviewed for clear error. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006). "In order to challenge the findings and recommendations of the magistrate [judge], a party must . . . file with the Clerk of the Court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989).

First, Estrada objects to the finding that certain of his claims are procedurally barred because they could have been raised on direct appeal, but were not. The undersigned agrees with the finding in the R&R that these claims are procedurally barred because they were not raised on direct appeal and that "Estrada has not pleaded and demonstrated cause and prejudice, or actual innocence, sufficient to excuse that default." (R&R [Doc. 301] at 18.)

Next, Estrada objects to the failure of Judge Salinas to find ineffective assistance of trial counsel. Estrada points out that trial counsel "failed to make particularized specific objections to the suppression issues" even after the Magistrate Judge commented that the motion to suppress was "unparticularized." (Objections [Doc. 305] at 2.) Specifically, Estrada asserts

2

that trial counsel failed to specifically object to the Government's failure to meet the necessity requirement with regard to the wiretap applications. However, trial counsel specifically raised this issue in the First Particularized Motion to Suppress Evidence. ([Doc. 133] at 13-16, 22-23.) This issue was fully addressed in the R&R. Regardless of whether counsel filed a more particularized motion, the record establishes that Estrada's motion was addressed on the merits. Estrada failed to establish that his counsel was incompetent or that Estrada was prejudiced by his counsel's conduct.

Next, Estrada objects to Judge Salinas finding that he did not receive constitutionally ineffective assistance of counsel on direct appeal. This objection is based on appellate counsel's failure to raise ineffective assistance of trial counsel on direct appeal. As stated above, Estrada has failed to establish ineffective assistance of trial counsel. Again, this issue was fully addressed in the R&R.

Finally, Estrada objects to the recommendation that authorization to file the November 2014 and February 2016 Amendments be denied. Estrada failed to comply with the procedural rules for his proposed amendments. Further, it is evident that both amendments do not relate back to the amended petition.

3

Based on the foregoing, the R&R is received with approval and adopted as the Opinion and Order of this Court. Accordingly, Estrada's § 2255 Motion is **DENIED**, and he is **DENIED** a Certificate of Appealability.

**ORDERED**, this 5th day of June, 2017.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)